UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:14-cr-00025-GFVT-HAI-20 |
| | ) | |
| v. | ) | |
| | ) | |
| RHONDA GRAY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 1064.]  Defendant Rhonda Gray has been charged with violating her terms of supervised release.  On September 29, 2015, then-District Judge Amul Thapar sentenced Ms. Gray to 70 months imprisonment followed by six years of supervised release following her guilty plea to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846.  [R. 709.]

Ms. Gray began her term of supervised release on February 15, 2019.  [R. 1064.]  Five months later, on July 12, 2019, Ms. Gray admitted to Probation to having used methamphetamine and submitted a urine specimen that tested positive for methamphetamine.  [R. 983.]  Ms. Gray stated that she had been experiencing physical and mental abuse and requested placement in an inpatient substance abuse treatment program.  *Id.*  This Court granted Ms. Gray's request and added a condition of supervision requiring Ms. Gray to both complete and fully comply with an inpatient substance abuse treatment program.  *Id.*  When Ms. Gray reported for intake at the treatment program, she once again tested positive for methamphetamine.  [R. 991.]  The probation office requested no action to be taken at that time,

and this Court approved that request.  *Id.*  On February 19, 2020, this Court conducted a status conference with Ms. Gray and found it unnecessary to impose any additional conditions or schedule a follow-up conference.  *Id.*

On April 2, 2020, the USPO issued a Supervised Violation Report that charged Ms. Gray with two violations: 1) a Grade C violation for allegedly stealing items from Walmart, a Class A misdemeanor, and 2) violation of the condition requiring Ms. Gray to "answer truthfully all inquiries by the probation officer."  [R. 1021.]  According to the report, Ms. Gray was not truthful about what items she had stolen from Walmart and what her purpose was in stealing them.  [R. 1064 at 2.]  Pursuant to Rule 32.1, Judge Ingram held an initial appearance on May 22, 2020.  [R. 1033.]  At the initial appearance, Judge Ingram scheduled a final hearing, which ended up being continued several times.  [R. 1064 at 3.]

On October 15, 2020, the USPO issued a First Addendum to the Report, charging Ms. Gray with a third Grade C violation for being "unsuccessfully discharged" from her substance abuse and mental health treatment program because she "was not meeting the obligations treatment requires and has missed or been late for several appointments."  [R. 1064 at 3.]  The following day, the USPO issue a Second Addendum charging Ms. Gray with a fourth Grade C violation for violating the condition requiring her to abstain from the use of alcohol.  *Id.*  On October 16, 2020, Ms. Gray submitted a urine sample that tested positive for alcohol, and Ms. Gray admitted to drinking one beer the prior day because of a kidney infection.  *Id.*  Ms. Gray said she mistakenly believed the beer would help her with the infection and signed a Positive Drug Test Admission Report in which she admitted to using alcohol.  *Id.*

Judge Ingram scheduled a status conference for November 24, 2020.  *Id.*  The parties stated at the conference that they had reached an agreed disposition and requested a final hearing.

2

*Id.* at 4.  The Government reported that Ms. Gray had gotten "back on track" and was employed as a housekeeper at a hotel.  *Id.*  Ms. Gray reported that her transportation issue, which had caused problems in the past, was better and that she had also obtained a phone.  *Id.*  The parties presented a joint recommendation of no revocation and no imprisonment.  *Id.*  Both parties agreed that the existing conditions were appropriate and that no new judgment was necessary.  *Id.*  However, the Government did request that Ms. Gray be found guilty of the four violations in the record in case of future concerns, and Ms. Gray did not object to this request.  *Id.*

After the final hearing, Judge Ingram carefully reviewed the entire record and considered the section 3553 factors in making his recommended disposition.  Judge Ingram determined that all four of Ms. Gray's admitted violations would qualify as Grade C violations, and given Ms. Gray's criminal history category of III, her imprisonment range under USSG § 7B1.4(a) was five to eleven months.  *Id.*  However, Judge Ingram agreed with the parties that continuation of supervision on existing conditions was appropriate.  Judge Ingram found that Ms. Gray had indeed made significant improvements in her life, such as finding a more stable residence, securing transportation, and getting a phone.  *Id.* at 6.  Furthermore, Judge Ingram found that Ms. Gray had a stable job and was performing well in treatment.  *Id.*  Given these circumstances, Judge Ingram found that there was not a great need to protect the public or create deterrence. Ultimately, Judge Ingram made the following recommendations: 1) Ms. Gray be found guilty of all four violations, and 2) Ms. Gray should continue in her existing term of supervision under existing conditions.  *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of

service.  *Id.* at 4; *see* 28 U.S.C. § 636(b)(1).  Ms. Gray has not filed any objections to Judge Ingram's Report and Recommendation and she has provided a Waiver of Allocution.  [R. 1067.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1.  The Report and Recommendation made as to Defendant Rhonda Gray **[1064]** is **ADOPTED** as and for the opinion of the Court;

2.  Ms. Gray is found guilty of all four violations; and

3.  Ms. Gray shall continue her existing term of supervision under existing conditions. No new judgment shall issue and Ms. Gray's release is not revoked.

This the 16th day of December, 2020.

Gregory F. Van Tatenhove
United States District Judge